FATH, Respondent, v. MEYERS' ADMINISTRATOR, Appellant.

1. A., a blacksmith, sued B.'s administrator to recover a blacksmithing account of five years' standing, amounting altogether during that time to $183.25, the balance claimed after allowing credits being $97.25. *Held*, 1st, that in order to account for the non-production of the plaintiff's books, it might be shown that the books were kept by the plaintiff himself; 2d, that, some of the particular items charged being proved, it was competent for the plaintiff to show, in support of his general account, that B. had all his blacksmithing done at plaintiff's shop; that B.'s farm was of a particular extent, and that he had thereon a particular number of horses and wagons, and testimony of a like character.

### Appeal from Perry Circuit Court.

This was an application to the county court of Perry county for an allowance of an account in favor of the plaintiff against the estate of John Meyers, deceased. On appeal to the circuit court, judgment was rendered in behalf of plaintiff. No instructions were asked or given. It was not shown that the plaintiff supported his claim by his affidavit in the circuit court.

*Noell*, for appellant.

I. The circuit court erred in permitting evidence to be introduced as to the correctness with which plaintiff's books were kept. Connecting that evidence with general statements of other witnesses to the effect that Meyers was in the habit of having his blacksmith's work done at the plaintiff's shop, and also with evidence as to the extent of Meyers' farm, and the number of teams he worked, plaintiff was permitted to prove his account as a whole without proving the items.

(1 Greenl. Ev. 117.)   The affidavit required by law does not appear to have been made.   The verdict was clearly against the evidence.

*T. C. Johnson,* for respondent.

I. The evidence objected to was admissible.   The presumption is that the county court did its duty in requiring an affidavit of plaintiff.   If it did not, it devolves on defendant to show that.   It is too late to insist on this point.

NAPTON, Judge, delivered the opinion of the court.

This action was brought to recover a blacksmith's account of some five years' standing, amounting altogether during that period to $183.25, and with credits to the amount of $86—leaving a balance claimed of $97.25.   The principal question presented here is as to the admissibility of the evidence which the circuit court permitted to go to the jury and upon which the verdict was rendered.   This evidence was, that the plaintiff kept his own books and kept them generally correctly; that Meyers had all his blacksmith's work done at plaintiff's shop; that Meyers' farm was of a particular extent; that he employed a particular number of horses and wagons; and other testimony of this character, which, together with positive proof of various items identified particularly by different witnesses, went to the jury.

It is very certain that, if testimony of this character is not allowed, very few of such accounts can be proved in this State.   Many farmers own shops entirely under the superintendence of a negro blacksmith.   The business is one which, in the country and in small interior villages, does not justify the employment of a clerk, and the items in such accounts are frequently so trivial that it would be unreasonable to expect positive and direct proof.   These circumstances will not, it is true, authorize the courts to disregard any settled rule of evidence; but the testimony in this case is certainly competent, and of its pertinency the jury could judge.   A jury of practical men would not be likely to go much out of the

way in arriving at the probable amount of a man's black-smith account when they are informed of the extent of his operations in which such work would be required. We do not say that such evidence would in all cases be sufficient or even in all cases proper, but, taken in connection with the other proof in this case, it was legitimate evidence for the consideration of the jury.

The plaintiff's books of account were not offered in evidence. The testimony as to how they were kept was necessary to explain and account to the jury for their absence. If they had been kept by a clerk, it might have been expected that he should have been called and the books produced. As our practice does not allow their introduction when kept by the plaintiff, proof of this fact was material and pertinent.

As to the weight of evidence in this case, it is not our province to interfere; but if we were to pass any opinion upon the point, we could not say that $183 was an unreasonable blacksmith's account for five years for a man in Meyers' circumstances.

It does not appear that the preliminary oath, required by the statute to authorize allowances against an estate in the county court, was called for in the trial of this case, or that any objection was made on this ground. After a plaintiff has established his demand, contested as this was, by the verdict of a jury and the judgment of the circuit court thereon, it would seem folly to send the case back for the plaintiff's oath to be superadded.

The other judges concurring, the judgment is affirmed.